IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MICHAEL H. MARTIN, | ) | |
| | ) | |
| Petitioner, pro se, | ) | **MEMORANDUM OPINION,** |
| | ) | **ORDER,** |
| | **)** | **AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| LAWRENCE SOLOMON, Supt. of | ) | 1:08CV288 |
| Caledonia Correctional Inst., | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Respondent's motion for summary judgment (docket no. 5). Pro se Petitioner Michael H. Martin has responded, and the matter is ripe for disposition. Petitioner has also filed a motion to vacate a prior order entered by the undersigned on April 29, 2008, and a motion to strike Respondent's response to his habeas petition (docket nos. 10, 12). The parties have not consented to the jurisdiction of the magistrate judge, and the motion must therefore be dealt with by way of recommendation. For the following reasons, it will be recommended that Respondent's motion for summary judgment be granted. Petitioner's motions will be denied.[1]

---

[1] Petitioner's motions are frivolous. Petitioner claims that the undersigned's order must be vacated because it used an electronic signature and because the order constitutes a "final determination" in the case. He complains that Respondent's documents are also not signed by hand and that Respondent filed a short response incorporating its summary judgment motion and the brief supporting that motion. Again, his motions are frivolous. The order he challenges was a preliminary, not final or dispositive, order. The electronic signatures employed by the undersigned and Respondent are proper and in accord with this court's local rules and standing orders. Local Rules 5.3, 5.4; Standing Order 34.
(continued...)

## I. Background

Petitioner is a state court prisoner who, on December 2, 2004, in the Superior Court of Forsyth County, was convicted following a jury trial of felonious breaking and entering and misdemeanor larceny after having achieved the status of a habitual felon in cases 04 CRS 054015 and -06989. (Ex. 1.)[2] Petitioner was sentenced by Judge W. Douglas Albright to 144 to 182 months plus 120 days of imprisonment. He was represented at trial by Jason Crump.

Petitioner filed an appeal of right while represented by Daniel F. Read. On March 7, 2006, the North Carolina Court of Appeals issued an opinion finding no error in Petitioner's convictions, but remanding the case for resentencing. *State v. Martin*, No. COA05-579, 2006 WL 539376 (N.C. Ct. App. Mar. 7, 2006) (unpublished). Petitioner was resentenced on May 25, 2006, by Judge L. Todd Burke to the same amount of prison time; however, restitution as ordered in the original sentence was deleted. (Ex. 5.) Petitioner did not file a direct appeal from the second sentence.

Petitioner did pursue post-conviction motions in the state courts. On May 31, 2007, he submitted a petition for a writ of habeas corpus to the North Carolina Court

---

[1](...continued)
Further, the format used by Respondent is, as Respondent points out in its response to the motion to strike (docket no. 13), the standard format used by Respondent in this court for many years. There is nothing improper about the response.

[2]Exhibit numbers correspond to exhibits to Respondent's brief in support of its summary judgment motion (docket no. 6.)

of Appeals. (Ex. 6.) This was denied on June 1, 2007. (Ex. 7.) Petitioner then filed a petition for certiorari with the North Carolina Supreme Court on June 13, 2007. (Ex. 8.) He later submitted a mandamus petition to that court on August 17, 2007. (Ex. 9.) Both petitions were denied in an order witnessed on October 17, 2007. (Ex. 10.) Petitioner dated and submitted his habeas petition to this court on April 25, 2008.

## II. Petitioner's Claim

Petitioner raises only a single claim for relief. He contends that the state court never had jurisdiction to try his case because a magistrate in state court typed his signature on a printed probable cause order form instead of handwriting the signature. Therefore, Petitioner believes his trial violated his Fourth and Fourteenth Amendment rights under the United States Constitution.

## III. Analysis

Respondent raises several arguments in support of its motion for summary judgment. Respondent contends that the petition is filed outside of the one-year statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amendments to 28 U.S.C. § 2254. Under AEDPA, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In addition, the one-year limitations period is tolled during pendency of a "properly filed" state post-conviction proceeding. *See* 28 U.S.C. § 2244(d)(2).

Here, Petitioner filed no direct appeal following his resentencing on May 25, 2006. As Respondent points out, this means that Petitioner's conviction became final fourteen days later on June 8, 2006 when his time to file a direct appeal expired. N.C.R. App. P. 4(a)(2) (fourteen days to serve notice of appeal). Respondent calculates that Petitioner's statute of limitations then ran for 357 days until he filed his habeas corpus petition with the North Carolina Court of Appeals on May 31, 2007. Section 2244(d)(2) provides for tolling of the limitation period while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244 (d)(2).

Although the limitation period stopped running when Petitioner filed his state court habeas petition, he had only eight days left to file his habeas petition in this

court once his attempt at habeas relief in state court was finally denied by the North Carolina Supreme Court on October 17, 2007. Petitioner did not file his petition within eight days, but instead filed it more than six months later in April 2008. Therefore, his habeas petition is barred by the one-year limitation period pursuant to 28 U.S.C. § 2244(d)(1).

Petitioner makes a claim in his petition that it is "timely filed under the 'newly discovered evidence provisions'" of 28 U.S.C. § 2244(d)(1)(B) and (D). (Pet. ¶ 18.) Subsection (B) allows the one-year limitation period to run from the date that an impediment created by State action is removed. Petitioner points to no such impediment in this case other than making a conclusory allegation that unidentified state court officers engaged in fraudulent concealment and collusion. This conclusory allegation is insufficient. The probable cause form containing the typed signature of the magistrate was a public record. Petitioner has not produced any evidence to show that the order was in anyway kept secret or hidden from him or that the State prevented him from filing his claims.

Subsection (D) allows the limitation period to run from the time that the factual predicate for Petitioner's claim could have been discovered through the exercise of due diligence. Again, the form about which Petitioner now complains was extant and capable of being discovered through the exercise of due diligence from the very start of his case. Neither subsection (B) nor subsection (D) allows Petitioner's limitation period to run from a time later than the finality of the judgment in his case.

Petitioner also relies on the fact that he has been incarcerated and that he is a layman of the law. (Pet. ¶ 18.) This appears to be an argument for equitable tolling. Equitable tolling is "reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Petitioner has not presented any facts that would entitle him to equitable tolling. Unfamiliarity with the legal process and a lack of representation do not constitute grounds for equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Petitioner's equitable tolling argument is unavailing.

## IV. Conclusion

For the foregoing reasons, **IT IS ORDERED** that Petitioner's motion to vacate the order entered on April 29, 2008 (docket no. 10) and motion to strike Respondent's response to his habeas motion (docket no. 12) be and are hereby **DENIED**.

**IT IS RECOMMENDED** that Respondent's motion for summary judgment (docket no.5) be **GRANTED** and the petition be dismissed.

_____
Wallace W. Dixon
United States Magistrate Judge

Durham, N.C.
March 4, 2009